IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
MAY 20 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: CV-02-PT-122-M |
| RALPH O. GARRARD and MARTHA ELAINE GARRARD, | ) ) ) ) |
| Defendants. | ) |

ENTERED
MAY 20 2002

## MEMORANDUM OPINION

This cause comes to be heard on defendants Ralph O. Garrard and Martha Elaine Garrard's Motion to Dismiss and Response to Defendant The Terminix International Company Limited Partnership's Petition to Compel Arbitration filed on March 26, 2002. The court will also consider at this time plaintiff The Terminix International Company Limited Partnership's Motion for Summary Judgment on Petition to Compel Arbitration and in Opposition to Defendants' Motion to Dismiss Petition to Compel Arbitration filed on April 17, 2002.

### PARTIES

Plaintiff The Terminix International Company Limited Partnership ("Terminix") is a Delaware limited partnership with its principal place of business located in Tennessee.

Defendants Ralph O. Garrard and Martha Elaine Garrard ("Mr. and Mrs. Garrard") are individual residents and citizens of Albertville, Marshall County, Alabama.

### PROCEDURAL HISTORY

On December 10, 2001, Mr. and Mrs. Garrard filed a lawsuit in the Circuit Court of Marshall County, Alabama, against Terminix, Alabama Environmental Pest Management, Dow

Agrosciences LLC d/b/a Sentricon, and Tom Falzone ("Falzone") and Richard Smith ("Smith") (employees of Terminix). The basis of the lawsuit was that the defendants failed to adequately inspect, report, and treat Mr. and Mrs. Garrard's home for termite infestation. The five count complaint contained claims for negligent misrepresentation, negligent training supervision; negligent treatment; breach of contract; wantonness, fraud and misrepresentation; and Alabama Extended Manufacturer's Liability Doctrine.

On January 16, 2002, Terminix petitioned this court, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4, to enter an order directing Mr. and Mrs. Garrard to submit any and all claims they may have against Terminix, its affiliates, employees, agents, or representatives to arbitration. On the same day Terminix, Falzone and Smith filed a motion to dismiss or to stay all proceedings against them in the Circuit Court of Marshall County, Alabama.[1]

On March 26, 2002, Mr. and Mrs. Garrard filed a Motion to Dismiss and Response to Terminix's petition to compel arbitration. On April 17, 2002, Terminix filed a Motion for Summary Judgment on its petition to compel arbitration.

## FACTS[2]

On April 11, 1996, Terminix entered into a written Sentricon Subterranean Termite Service Plan ("Termite Service Plan") for 108 Collier Drive, Albertville, Alabama 35950, with Collins B. "Carl" Boatwright. The Termite Service Plan lists Carl Boatwright as Purchaser. Under Paragraph Ten of the Terms and Conditions of Warranty, the Purchaser and Terminix

---

[1] Terminix, Falzone and Smith requested a stay of proceedings against them pending a ruling upon Terminix's petition to compel arbitration.

[2] The facts are stated favorably to the non-movants.

agreed to arbitrate all matters in dispute between them.

On or about June 16, 2000, Collins B. Boatwright and Anne Boatwright deeded their home located at 108 Collier Drive, Albertville, Alabama 35950 to Mr. and Mrs. Garrard. Mr. and Mrs. Garrard entered into a contract with Terminix to provide services for the inspection and treatment of the premises.[3] Mr. and Mrs. Garrard never entered into a written contract with Terminix. Terminix never provided Mr. and Mrs. Garrard with a copy of the Termite Service Plan. Terminix did mail "Neal" Garrard a Termite Plan Renewal Invoice indicating a renewal charge in the amount of $222.00 was due by March 31, 2001. Terminix did receive the renewal charge from Mr. and Mrs. Garrard on April 2, 2001.

## ARGUMENTS

Mr. and Mrs. Garrard make two primary arguments in support of their Motion to Dismiss the petition to compel arbitration. First, they argue that this court lacks subject matter jurisdiction over the action because there is no diversity of citizenship. In support of this argument, Mr. and Mrs. Garrard claim that Falzone and Smith are residents of Alabama and are necessary and indispensable parties to the action. They point out that the Motion to Dismiss and for Stay was filed in state court on behalf of Terminix, Falzone and Smith. They argue that this motion, coupled with their claims against Falzone and Smith, make it clear that (1) complete relief cannot be accorded in Falzone and Smith's absence and (2) the disposition of the action in the absence of Falzone and Smith will impair their ability to protect their interest and will

---

[3] In Paragraph 32 of the complaint filed in state court, Mr. and Mrs. Garrard alleged that they "entered into a contract with defendants Terminix, Terminix, LP, and Alabama Environmental to provide services for the inspection and treatment of the premises." In their Motion to Dismiss and Response the Garrards claim that Terminix employees came to their home and offered to service their home for termites. Based on these oral representations, Mr. and Mrs. Garrard claim that a contract existed between Terminix and themselves. These allegations are not contained in the affidavits of Mr. and Mrs. Garrard.

subject them to substantial risk. Since Falzone and Smith are indispensable parties, Mr. and Mrs. Garrard argue, their joinder would destroy diversity of citizenship. Thus, they conclude that this court lacks subject matter jurisdiction over this action.

Second, Mr. and Mrs. Garrard argue that the petition to compel arbitration should be denied because they never entered into a oral or written contract containing an arbitration provision. Mr. and Mrs. Garrard acknowledge that a written Termite Service Plan did exist between the Boatwrights and Terminix. However, they claim that they never received this written contract from Terminix. They state that they did not receive a copy of the Termite Service Plan until after Terminix had serviced their home and termite infestation had been detected.[4] They claim that their house was serviced by Terminix based on an oral agreement entered into with Terminix's employees. Mr. and Mrs. Garrard argue that they never assented to any arbitration language and, thus, no meeting of the minds ever occurred with respect to arbitration. Consequently, they conclude they are not bound by the arbitration provision.

In response Terminix argues that it is entitled to summary judgment on its petition to compel arbitration for two main reasons. First, it argues that the fact that Falzone and Smith are parties in the state court action and that the state action is not removable has no effect whatsoever upon this independent action to compel arbitration. Relying on *MS Dealer Service Corp. v. Franklin*, 177 F.3d 942, 945 (11th Cir. 1999), it claims that the Eleventh Circuit has rejected similar arguments in the same context of a petition to compel arbitration in federal court. *See also First Franklin Financial Corp. v. McCollum*, 144 F.3d 1362 (11th Cir. 1998). According to Terminix, the party seeking to dismiss the federal action in *MS Dealer* claimed the

---

[4] Mr. and Mrs. Garrand claim that the first time they reviewed the arbitration language was when Terminix filed its petition to compel arbitration.

4

"outsider" party should be joined because her state court complaint named the outsider party as a coconspirator and joint tortfeasor. However, Terminix notes that the Eleventh Circuit declined this argument and held that the outsider was not an indispensable party because it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. *MS Dealer*, 177 F.3d at 946.

Additionally, Terminix argues that the *McCollum* case is persuasive on this point. According to Terminix, the borrower in *McCollum* sued a financial institution and one of its former employees in state court asserting fraud arising from a loan transaction. The financial institution filed a motion to compel arbitration in federal court and did not name the former employee, who was a citizen of the same state as the borrower, as a party. The Eleventh Circuit stated the following:

> It appears that diversity jurisdiction exists, however, because the petition here (without contradiction) describes the petitioner as a corporation organized under Georgia law with its principal place of business in Georgia, names the respondent as a citizen of Alabama, and claims an amount in controversy exceeding $75,000.00. That plainly satisfies 28 U.S.C. § 1332's demands.

*McCollum*, 144 F.3d at 1363. According to Terminix, the Eleventh Circuit further explained that the state court action contained two underlying disputes, borrower vs. financial institution and borrower v. individual employee, but the financial institution sought to arbitrate only borrower v. financial institution, "and there is undoubtedly diversity in that underlying dispute. There is, therefore, federal subject matter jurisdiction over the petition." *Id.* at 1364.

Terminix claims that *McCollum* is factually analogous to the present action. It argues that Mr. and Mrs. Garrard's state court action contains several underlying disputes. It claims that it only seeks to arbitrate one category of dispute: homeowner vs. Terminix for services performed pursuant to the Termite Service Plan. It asserts that there is complete diversity of

citizenship between these two parties and the amount in controversy is satisfied. Thus, it concludes that this court has subject matter jurisdiction.[5]

Second, Terminix argues that under the FAA, all claims between it and the Garrards must be submitted to arbitration. Through the Termite Service Plan, Terminix contends, Mr. and Mrs. Garrard agreed to arbitrate "all matters in dispute between them, including but not limited to any controversy or claim between them arising out of or relating to this agreement or to the identified structure(s) in any way, whether by virtue of contract, tort, or otherwise."[6] Terminix claims that upon obtaining ownership of the residence in question, the Garrards assumed the Termite Service Plan between Mr. Boatwright and Terminix. Furthermore, Terminix asserts that the Garrards continued the services of Terminix under the Termite Service Plan. It notes that the Termite Service Plan recites that a new owner such as the Garrards may continue the Plan upon the approval of Terminix: "Upon transfer of ownership of the identified property, this Plan may be continued upon the request in writing of the new owner but only with the prior consent of, and reinspection of the property by, Terminix."[7] Terminix further claims that its records show that the Garrards assumed the Termite Service Plan: 1) the Garrards were billed under the same account number as Mr. Boatwright; 2) the contract date listed for the Garrards was April 1996; 3) the "contract type" for the Garrards was the same "Sentricon Protection" as was Mr. Boatwrights; and 4) Terminix received payment of the Termite Service Plan renewal charge from the Garrards. Terminix concludes that the Garrards cite no oral agreement which replaces

---

[5] Terminix also cites this court to its decision in *United Benefit Life Ins. Co. v. Collins*, 2001 WL 273902 (N.D. Ala. Jan. 2, 2001). Terminix claims that this court dismissed an argument just like the Garrards' as "weak."

[6] *See* Paragraph 10 of the Termite Service Plan.

[7] *See* "Miscellaneous" section of the Termite Service Plan.

the written agreement because there was no replacement agreement – only an agreement to maintain the existing contract in full force and effect as its provisions allow.

Mr. and Mrs. Garrard raise two primary arguments in reply. First, they contend that this court's decision in *Collins* demonstrates that Falzone and Smith are necessary and indispensable parties whose joinder would destroy subject matter jurisdiction. According to the Garrards, this court set forth what must be shown for a party to be declared indispensable under Rule 19(b):

> [1] complete relief cannot be accorded among the remaining parties, [2] that the "indispensable" party claims an interest relating to the subject of the action that the "indispensable" party would be unable to protect without being included, or [3] that excluding the "indispensable" party would leave one of the remaining parties subject to a substantial risk of incurring duplicative or inconsistent obligations.

*Collins*, 2001 WL 273902 at *2. Mr. and Mrs. Garrard claim that the second and third prongs have been met in this action. Specifically, Mr. and Mrs. Garrard contend that a situation could arise where Terminix proceeds to arbitration while its employees, Falzone and Smith, are subject to litigation in the state court action. Furthermore, it notes that if Falzone and Smith are found liable in the state court action and Terminix is found liable in the arbitration proceeding, Terminix would be subject to a substantial risk of incurring duplicative or inconsistent obligations.[8]

Second, Mr. and Mrs. Garrard argue that the petition to compel arbitration should be denied because there is a genuine issue of fact with respect to whether or not the Garrards are bound by the arbitration provision in the Termite Service Plan. They claim that no contract with an arbitration clause exists between themselves and Terminix. They note that the Termite

---

[8] Mr. and Mrs. Garrard also note that in Terminix's prayer for relief, it specifically requests this court to enter an order directing the Garrards "to submit all of their claims against Terminix, its . . . employees . . . to arbitration." According to the Garrards, this prayer for relief illustrates the employees' indispensability.

Service Plan defines "Purchaser" as Carl Boatwright. Furthermore, the assert that the arbitration provision states that "[t]he *Purchaser* and Terminix agree that all matters in dispute *between them*, including but not limited to any controversy or claim *between them* arising out of or relating to this agreement or to the identified structure(s) in any way, whether by virtue of contract, tort or otherwise shall be settled exclusively by arbitration." (Emphasis added). They conclude that the arbitration provision is very narrow provision limited to Terminix and Mr. Boatwright.

Mr. and Mrs. Garrard also argue that the Miscellaneous provision cited by Terminix does not support its position that they assumed the Termite Service Plan. They note that the provision states that "the Plan may be continued upon the request in writing of the new owner . . . . In the event the new owner fails to request continuation of the Plan . . . the Termite Service Plan will terminate automatically as of the date of the change of ownership." They note that Terminix has not produced any such written request and, consequently, the Termite Service Plan has been terminated by its own terms.[9]

Furthermore, Mr. and Mrs. Garrard argue that Terminix's internal accounting procedures are not evidence that they agreed to the specific terms of the Termite Service Plan. They also point out that the renewal invoice was only sent to Neal Garrard – not Neal and Martha Elaine Garrard. Additionally, they contend that Terminix's argument that they should have requested a copy of the Termite Service Plan or objected to the arbitration provision is without merit. They point out that they could not object to a document that they did not know existed. They conclude

---

[9] According to the Garrards, this fact makes Terminix's argument that the Garrards' payment of the renewal charge was an election to maintain the contract impossible. They contend that by the terms of the Termite Service Plan, the contract was terminated as of the date of the change of ownership.

8

by stating that the Alabama Supreme Court addressed this exact issue in *Ex parte Rush*, 730 So. 2d 1175 (Ala. 1995). According to Mr. and Mrs. Garrard, the court in *Rush* held that the homeowners were bound by the arbitration provision in the Terminix Service Plan even though they did not sign the contract. 730 So. 2d at 1178. However, the Garrards note that the homeowners in *Rush* were mailed a copy of the Termite Service Plan by Terminix, they received the contract, and that the contract specifically designated Steve Rush as a "Purchaser." *Id.* Mr. and Mrs. Garrard claim that this action is factually distinguishable from *Rush* because they never received a copy of the Termite Service Plan and they were never designated as the "Purchaser" on the contract. Thus, they conclude that this court should deny the petition to compel arbitration.

## MOTION TO DISMISS STANDARD

A defendant may file a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A defendant may attack subject matter jurisdiction in two ways: facially and factually. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Under a facial attack, the court merely looks to see if the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true. . . ." *Id.* at 1529. In contrast, factual attacks "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as expert testimony are considered.'" *Id.* (citations omitted). In fact, "'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Id.* The burden is placed on the plaintiff to prove that jurisdiction exists in the face of a factual challenge to subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th

Cir. 2002).

## MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment may be granted based upon facts developed during the pleadings, discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of explaining the basis of his motion. *Id.* The non-moving party then bears the burden of showing that there are specific facts demonstrating that there is a genuine issue of fact for trial. *Id.* at 324. "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999). The trial court must resolve all reasonable doubts in favor of the non-moving party, but need not resolve all doubts in a similar fashion. *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

## CONCLUSIONS OF THE COURT

The court concludes that there is a genuine issue of fact as to whether the defendants ever agreed to arbitration. That issue defeats both present motions. The court is bound by *MS Dealer* and *McCollum*. Also see *Snap-On Tools v. Mason*, 18 F.3d 1261 (11th Cir. 1994). The court will set this issue for jury trial and stay proceedings in the underlying action pending the jury decision.

This 20TH day of May 2002.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**